Adam R. Fox (State Bar No. 220584)
Anne Choi Goodwin (State Bar No. 216244)
SQUIRE, SANDERS & DEMPSEY L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, CA 90071-2300
Telephone: +1.213.624.2500
Facsimile:   +1.213.623.4581
afox@ssd.com
agoodwin@ssd.com

James P. Murphy (admitted *Pro Hac Vice*)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Ave., N.W., Ste. 500
Washington, DC 20004-2401
Telephone: +1.202.626.6793
Facsimile:   +1.202.626.6780
jmurphy@ssd.com

W. Mark Lanier (admitted *Pro Hac Vice*)
THE LANIER LAW FIRM
6810 FM 1960 West
Houston, Texas 77069
Telephone: +1.713.659.5200
Facsimile:   +1.713.659.2204
wml@lanierlawfirm.com

Attorneys for The Sugar Association, Inc.;
American Sugar Refining, Inc.; C&H Sugar
Company, Inc.; Imperial Sugar Company;
Rio Grande Valley Sugar Growers, Inc.;
Western Sugar Cooperative; and Qorvis
Communications, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE SUGAR ASSOCIATION, INC., a Delaware corporation,,<br><br>Plaintiff,<br><br>AMERICAN SUGAR REFINING, INC., a Delaware corporation; C&H SUGAR COMPANY, INC., a Delaware corporation; IMPERIAL SUGAR COMPANY, a Texas Corporation; RIO GRANDE VALLEY SUGAR GROWERS, INC., a Texas corporation; WESTERN SUGAR | Case No. CV 04-10077 DSF (RZX)<br><br>**BRIEF IN OPPOSITION TO MCNEIL'S MOTION *IN LIMINE* NO. 7 TO EXCLUDE SURVEY CONDUCTED BY NON-PARTY CENTER FOR SCIENCE IN THE PUBLIC INTEREST**<br><br>[Appendix of Authority lodged concurrently herewith]<br><br>Judge: The Honorable Dale S. Fischer |

SQUIRE, SANDERS &
DEMPSEY L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, California 90071-2300

BRIEF IN OPPOSITION TO MCNEIL'S MOTION
*IN LIMINE* NO. 7 TO EXCLUDE SURVEY
CONDUCTED BY NON-PARTY CSPI

| | |
|---|---|
| COOPERATIVE, a Colorado corporation, | Hearing Date: January 7, 2008 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 840 |
| Intervenor-Plaintiffs, | |
| vs. | |
| McNEIL-PPC, INC., a New Jersey corporation, McNEIL NUTRITIONALS, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, | |
| Defendants Counter-Claimants, | |
| vs. | |
| THE SUGAR ASSOCIATION, INC., a Delaware corporation, AMERICAN SUGAR REFINING, INC., a Delaware corporation; IMPERIAL SUGAR COMPANY, a Texas Corporation; RIO GRANDE VALLEY SUGAR GROWERS, INC., a Texas corporation; and QORVIS COMMUNICATIONS, LLC, | |
| Counterclaim-Defendants. | |

## I. BACKGROUND

In its Motion *in Limine* No. 7, McNeil Nutritionals, LLC ("McNeil") seeks to exclude the 2004 survey conducted by the Center for Science in the Public Interest ("CSPI"). McNeil claims that the CSPI survey is inadmissible because it constitutes hearsay and does not fit into the residual exception to hearsay. Although McNeil expends a great deal of effort explaining why this survey does not fit within the residual hearsay exception, this argument is wholly irrelevant because this document is <u>not</u> hearsay at all as it is not offered for the truth of the matter asserted. Moreover, McNeil's contention that the CSPI survey should be

SQUIRE, SANDERS & DEMPSEY L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, California 90071-2300

- 2 -

BRIEF IN OPPOSITION TO MCNEIL'S MOTION
*IN LIMINE* NO. 7 TO EXCLUDE SURVEY
CONDUCTED BY NON-PARTY CSPI

excluded does not satisfy the requirement of Federal Rule of Evidence 403 that any unfairly prejudicial evidence be "substantially outweighed" by its probative value. Accordingly, this Court should deny McNeil's motion.

## II. LAW AND ARGUMENT

### A. The CSPI Survey Is Not Hearsay Because It Will Not Be Offered for The Truth Of The Matter Asserted By The Survey Respondents.

Documents are hearsay only when offered into evidence to prove the truth of the matter asserted. FRE 801(c); *Garcia v. Los Banos Unified Sch. Dist.*, 2007 U.S. Dist. LEXIS 20469, *4-5 (D. Cal. 2007). In attempting to exclude the CSPI survey, McNeil ignores the essential non-hearsay purpose of the challenged evidence. The CSPI survey is admissible to prove that consumers <u>believe</u> that Splenda is a natural product, not that Splenda <u>is</u> a natural product. For example, the CSPI survey shows that 29.9 percent of the survey respondents responded that the description "is a natural product" is an accurate description of Splenda. Plaintiffs' Uncontroverted Statement of Facts in Support of Its Partial Motion for Summary Judgment, ¶ 49.

"Surveys are admissible, if relevant, either as nonhearsay or through a hearsay exception." *Prudential Ins. Co. v. Gibraltar Financial Corp.*, 694 F.2d 1150, 1156 (9th Cir. 1982) (*citing Zippo Manufacturing Co. v. Rogers Imports, Inc.*, 216 F. Supp. 670, 682-684 (S.D.N.Y. 1963)).[1] Here, the survey responses will be offered to show consumer reactions when asked about the characteristics of Splenda, <u>not</u> to prove that Splenda is or is not natural.

The CSPI survey is also admissible as non-hearsay for the purpose of

---

[1] McNeil cites *Gibson v. County of Riverside* for the proposition that survey results were excluded because they were untrustworthy. Again, McNeil's reliance on this case is misplaced because there, the party attempting to include the survey did "not contest Plaintiffs' assertion that the responses to the questionnaires are hearsay." *Gibson v. County of Riverside*, 181 F. Supp. 1057, 1069 (C.D. Cal. 2002). Here, the Sugar Association asserts that this survey is <u>not hearsay</u> at all because it will be used for a non-hearsay purpose.

SQUIRE, SANDERS & DEMPSEY L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, California 90071-2300

BRIEF IN OPPOSITION TO MCNEIL'S MOTION
*IN LIMINE* NO. 7 TO EXCLUDE SURVEY
CONDUCTED BY NON-PARTY CSPI

showing that McNeil was on notice that its advertisements were false and misleading, thereby rebutting McNeil's laches defense. In fact, McNeil received this survey from CSPI, yet continued to advertise Splenda in the same false and misleading fashion. While this survey alone may not be enough to constitute "notice" for laches purposes, McNeil has been notified countless times, in countless different ways, that its advertising was seen as false or misleading. The CSPI survey, along with actual consumer comments displaying confusion, third party statement characterizing Splenda, other consumer surveys, and McNeil's own internal files demonstrate that McNeil was "on notice" of the claims against it.

Such evidence is relevant to proving that Plaintiffs did not unduly delay in filing this lawsuit and that McNeil could not have been prejudiced by any delay. *See* Plaintiffs' Motion for Partial Summary Judgment at 36-38. When a party is "on notice" that claims are forthcoming, courts are reluctant to find that such a party has been prejudiced by any undue delay. *See Abbott Diabetes Care, Inc. v. Roche Diagnostics Corp.*, 2007 U.S. Dist. LEXIS 31193, * 21 (N.D. Cal. 2007); *Solvay Pharmaceuticals, Inc. v. Global Pharmaceuticals*, 419 F. Supp. 2d 1133, 1142-43 (D. Minn. 2006). Moreover, evidence of such notice proves that McNeil has unclean hands and is thereby precluded from asserting a laches defense. Defendants claiming laches "must be able to demonstrate any absence of any unclean hands or intent to confuse and deceive the public." *W. Indian Sea Island Cotton Ass'n., Inc. v. Threadtex, Inc.*, 761 F. Supp. 1041, 1051 (S.D.N.Y. 1991). The challenged evidence reveals that McNeil knew that its advertising was false and misleading, yet continued such advertising uninterrupted and continued to intentionally mislead consumers.

McNeil further claims that the CSPI survey lacks certain features that McNeil maintains are necessary for a reliable consumer survey. Taylor Nelson Sofres, Inc. ("TNS"), a research company <u>frequently used by McNeil</u>, employed a

SQUIRE, SANDERS &
DEMPSEY L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, California 90071-2300

- 2 -

BRIEF IN OPPOSITION TO MCNEIL'S MOTION
*IN LIMINE* NO. 7 TO EXCLUDE SURVEY
CONDUCTED BY NON-PARTY CSPI

proven Internet panel methodology in conducting this survey. *See* Plaintiffs' Uncontroverted Statement of Facts in Support of Its Partial Motion for Summary Judgment, ¶ 45-46. Any such purported deficiencies are merely technical, and should go to the weight the jury accords to the survey, not to its admissibility. *Prudential Ins. Co. v. Gibraltar Financial Corp.*, 694 F.2d 1150, 1156 (9th Cir. 1982) ("Technical unreliability goes to the weight accorded a survey, not its admissibility); *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1055 and n.10 (5th Cir. 1981) (same). Moreover, Plaintiffs intend to call a witness from CSPI who will be able to testify on the survey methodology. If McNeil has concerns or questions about such methodology, it should raise them at trial through the examination and cross-examination of witnesses.

### B. The Probative Value of the CSPI Survey Is Not Substantially Outweighed By The Risk Of Unfair Prejudice To McNeil.

McNeil alternatively and unconvincingly claims that the CSPI survey should be excluded under Evidence Rule 403. Exclusion of relevant evidence under Evidence Rule 403 requires that the probative value of the evidence must be "substantially outweighed" by the problems in allowing it. Highly probative evidence, therefore should only be excluded in rare circumstances. *See United States v. Vallejo*, 2001 U.S. App. LEXIS 7367, 32-33 (9th Cir. 2001) (holding that "[b]ecause the Government does not advance any theory of prejudice that might outweigh the highly probative nature of the proffered expert testimony," the district court abused its discretion by excluding it). Here, for the reasons stated above, the CSPI survey is highly probative to proving the existing state of mind of consumers with regards to McNeil's advertisements and to demonstrate that McNeil has been on notice of impending complaints for years. No danger of unfair prejudice exists if the research is admitted for the purposes described above. Despite McNeil's argument to the contrary, the CSPI survey includes the data tables, the survey

SQUIRE, SANDERS & DEMPSEY L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, California 90071-2300

- 3 -

BRIEF IN OPPOSITION TO MCNEIL'S MOTION
*IN LIMINE* NO. 7 TO EXCLUDE SURVEY
CONDUCTED BY NON-PARTY CSPI

1  questions themselves, and a summary description of the survey methodology,
2  which allows any juror to properly evaluate the survey. Accordingly, McNeil's
3  argument that the probative value of this third-party research is substantially
4  outweighed by the risk of unfair prejudice is untenable.

### III. CONCLUSION

For the foregoing reasons, McNeil's motion *in limine* regarding the CSPI survey should be denied. This document is relevant and admissible for non-hearsay purposes. Further, McNeil's contention that the CSPI survey should be excluded because it is prejudicial does not satisfy the requirements of Evidence Rule 403.

Dated: December 17, 2007

Respectfully,

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
Adam R. Fox
Anne C. Goodwin

Attorneys for:
The Sugar Association, Inc.; American Sugar Refining, Inc.; C&H Sugar Company, Inc.; Imperial Sugar Company; Rio Grande Valley Sugar Growers, Inc.; Western Sugar Cooperative; and Qorvis Communications, LLC

LOSANGELES/256327.1