UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 04-10077 DSF (RZx) | | Date | January 7, 2008 |
|---|---|---|---|---|
| Title | The Sugar Association, Inc. v. McNeil-PPC, Inc., et al. | | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|

| Paul D. Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order Re Defendants and Counterclaimants McNeil-PPC, Inc. And NcNeil Nutritionals, LLC Motions in Limine (1) GRANTS Motions Nos. 1, 2, 3, 7, 11, 12, 13, and 14; (2) GRANTS in part and DENIES in part Motion No. 10; and (3) DENIES Motions Nos. 4, 5, 6, 8, and 9.

Before the Court are Motions *in Limine* filed by Defendants and Counterclaimants McNeil-PPC, Inc. and McNeil Nutritionals, LLC ("McNeil").[1]  Having considered the papers submitted by the parties and having heard the oral argument of counsel, the Court: (1) GRANTS Motions Nos. 1, 2, 3, 7, 11, 12, 13, and 14; (2) GRANTS in part and DENIES in part Motion No. 10; and (3) DENIES Motions Nos. 4, 5, 6, 8, and 9.

All of the Court's rulings are subject to reconsideration at trial.

## I.  LEGAL STANDARD

A motion *in limine* "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  Luce v. United States, 469 U.S. 38, 40 n.2 (1984).

"Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court."  Fed. R. Evid. 104(a).  In making its determination, the Court "is not bound by the rules of evidence except those with respect to privileges."  Id. The proponent of the challenged evidence bears the burden of establishing its admissibility by a preponderance of the evidence.  Bourjaily v. United States, 483 U.S.

---

[1] Other motions *in limine* are pending and will be decided separately.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

171, 175 (1987).

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible," except as limited by the Constitution, statutes, or other rules of evidence. Fed. R. Evid. 402. "Evidence which is not relevant is not admissible." Id.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Rule 403 . . . is an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence. Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." United States v. Mende, 43 F.3d 1298, 1302 (9th Cir. 1995) (internal quotations and citation omitted). "Unfair prejudice" means "the undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." United States v. W.R. Grace, 504 F.3d 745, 759 n.6 (9th Cir. 2007) (internal quotations omitted). "That evidence may decimate an opponent's case is no ground for its exclusion under [Rule] 403. The rule excludes only evidence where the prejudice is 'unfair' – that is, based on something *other* than its persuasive weight." United States v. Cruz-Garcia, 344 F.3d 951, 956 (9th Cir. 2003).

## II.  DISCUSSION

### Motion No. 1 – Evidence Relating to (i) Other Litigation Concerning Splenda's Advertising and (ii) Changes to Splenda's Packaging or Advertising in Response to Other Litigation

McNeil's request that the Court exclude evidence relating to other litigation concerning Splenda's advertising, including any settlements of such litigation, is GRANTED.[2] Plaintiff, Plaintiff-Intervenors, and Counterclaim Defendants ("Respondents") have not demonstrated that the evidence is relevant to one or more issues in this case. Fed. R. Evid. 402. Even if the Court determined that the proffered evidence was marginally relevant to the issue of whether McNeil's alleged Lanham Act

---

[2] This determination does not apply to references to the opinions, reports, and surveys of Merisant's experts who testified in the prior litigation between Merisant and McNeil. The Court addresses the admissibility of those references in Motion No. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

violations were willful, the evidence or testimony would still be inadmissable because the dangers of unfair prejudice or confusing or misleading the jury substantially outweigh any probative value.  Fed. R. Evid. 403; see also United States v. Hitt, 981 F.2d 422, 424 (9th Cir. 1992) (holding that "[w]here the evidence is of very slight (if any) probative value," evidence should be excluded under Rule 403 "if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.")[3]

McNeil's request that the Court exclude evidence relating to changes to Splenda's packaging or advertising in response to other litigation is unopposed, and is GRANTED.[4]

### Motion No. 2 – Improper References to Defense Counsel

McNeil's request that the Court exclude improper references to defense counsel is GRANTED as unopposed.  The ruling applies to all counsel.

### Motion No. 3 – Evidence Concerning (i) Foreign Judgments About Splenda's Advertising and (ii) the Marketing and Sale of Splenda in Jurisdictions Outside the United States

McNeil's request that the Court exclude evidence concerning (i) foreign judgments about Splenda's advertising and (ii) the marketing and sale of Splenda in jurisdictions outside the United States is GRANTED.  This case is brought under American law, based on the alleged perceptions of American consumers.  Respondents have not demonstrated that foreign laws or perceptions are similar.  Respondents, therefore, have not demonstrated that the evidence is relevant to one or more issues in this case.  Fed. R. Evid. 402.  Even if the Court determined that the proffered evidence was marginally relevant to whether McNeil's alleged Lanham Act violations were willful, the evidence or testimony would still be inadmissible because the dangers of unfair prejudice or confusing or misleading the jury substantially outweigh any probative value.  Fed. R. Evid. 403; see also Hitt, 981 F.2d at 424.

Respondents' suggestion of a quid pro quo exclusion of evidence that relates to

---

[3] To the extent specific evidence related to other litigation is relevant to this action, the Court will consider the introduction of such evidence on an individual basis.

[4] All parties are prohibited from introducing evidence excluded pursuant to these Motions unless otherwise noted.  Should events at trial suggest that such evidence should be admitted, counsel should address the matter outside the presence of the jury before attempting to introduce such evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

"safety" issues (which the Court deems relevant) in exchange for exclusion of evidence that allegedly relates to perception issues (which the Court deems irrelevant or more prejudicial than probative) is rejected.

### Motion No. 4 – References to the Opinions, Reports, and Surveys of Merisant's Experts Who Testified in the Prior Litigation Between Merisant and McNeil

McNeil's overly broad request that the Court preclude Respondents from referencing the opinions, reports, and surveys of Merisant's experts who testified in the prior litigation between Merisant and McNeil is DENIED.  The Court will not preclude Respondents from referencing this broad category of evidence for every conceivable purpose.  The evidence is not categorically inadmissible under Federal Rules of Evidence 403 or 703.

It is unlikely, however, that reports of experts who have not been designated and will not testify would be admissible.  Likewise, Respondents' counsel should seek permission from the Court outside the presence of the jury before introducing evidence of the opinions of other experts retained to form opinions in other litigation.

### Motion No. 5 – Evidence Regarding Third Party Characterizations of Splenda's Advertising and/or Marketing

McNeil's request that the Court exclude evidence regarding third party characterizations of Splenda's advertising and/or marketing is DENIED.  The Court will not exclude this overly broad category of evidence for every conceivable purpose. The evidence is not categorically inadmissible under Federal Rule of Evidence 403.  It appears to the Court, however, that such evidence will be excluded at trial.  Before attempting to introduce any such evidence, Respondents' counsel must seek permission outside the presence of the jury.

### Motion No. 6 – Anecdotal Evidence of Confusion Allegedly Caused by Splenda's Advertising

McNeil's request that the Court exclude anecdotal evidence of confusion allegedly caused by Splenda's advertising is DENIED.  The Court will not exclude this overly broad category of evidence without further specifics.  It appears unlikely, however, that such evidence is admissible.  Before seeking to introduce such evidence therefore, Respondents' counsel must obtain the Court's permission (outside the presence of the jury) for each "anecdote" it wishes to submit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

### Motion No. 7 – 2004 Survey from the Center for Science in the Public Interest

McNeil's request that the Court exclude a 2004 Survey from the Center for Science in the Public Interest ("CSPI Survey") is GRANTED.

"Surveys are admissible, if relevant, either as nonhearsay or through a hearsay exception." Prudential Ins. Co. of Am. v. Gibraltar Fin. Corp. of Cal., 694 F.2d 1150, 1156 (9th Cir. 1982). "The proponent of [a] survey bears the burden of establishing its admissibility." Keith v. Volpe, 858 F.2d 467, 480 (9th Cir. 1988). "The proponent must show that the survey was conducted in accordance with generally accepted survey principles and that the results were used in a statistically correct manner." Id. Any "[t]echnical inadequacies in the survey, including the format of the questions or the manner in which it was taken, bear on the weight of the evidence, not its admissibility." Id.

Respondents fail to meet their burden of demonstrating that the CSPI Survey was conducted in accordance with generally accepted survey principles. "[I]n determining whether a poll meets generally accepted survey principles . . . [a] proper universe must be examined and a representative sample must be chosen." Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 140 F.3d 494, 516 n.14 (3d Cir. 1998). With regard to the CSPI Survey,

> no specific universe of respondents was chosen for this survey. Instead, the survey administrators surveyed "randomly selected households." . . . No proper "filter" question was asked to determine whether respondents were past or prospective consumers of Splenda, and to weed out inappropriate respondents. In other words, respondents were not chosen because they were either past or prospective consumers of Splenda. In contrast, all of the "randomly selected" participants were questioned, even if they had never heard of Splenda. . . . In sum, 57.8 percent of the respondents had either heard of Splenda but never tried it or had never heard of it, only 24 percent could be described as current users of Splenda, and 18.2 percent as past users.

Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D. 315, 330 (E.D. Pa. 2007) (internal citation omitted); see also Mot. 6:14-21. Respondents' failure to demonstrate that the CSPI Survey was conducted in accordance with generally accepted survey principles warrants exclusion of the survey. See Keith, 858 F.2d at 480. Moreover, the CSPI Survey is so methodologically flawed that the dangers of unfair prejudice or confusing or misleading the jury substantially outweigh any probative value the survey may offer. Fed. R. Evid. 403; see also Hitt, 981 F.2d at 424.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### Motion No. 8 – Evidence of Alleged Price Erosion

McNeil's request that the Court exclude evidence of alleged price erosion is DENIED. The proffered evidence is relevant to one or more issues in the case, and its probative value is not substantially outweighed by the danger of unfair prejudice or misleading the jury.[5] That damages based on price erosion may be difficult to quantify does not alone preclude their recovery. See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1146 (9th Cir. 1997) ("[A]n inability to show actual damages does not alone preclude a recovery under" the Lanham Act) (internal quotations omitted). However, Tregillis will not be able to testify to any facts or opinions not included in his expert report, or his deposition testimony. No new experts may be designated and only appropriate fact testimony from previously designated witnesses may be submitted.

### Motion No. 9 – Evidence That Tabletop Splenda (as Opposed to Sucralose) Has Not Been Thoroughly Tested

McNeil's request that the Court exclude evidence that tabletop Splenda (as opposed to sucralose) has not been thoroughly tested is DENIED. The proffered evidence is relevant to one or more issues in the case, and its probative value is not substantially outweighed by the dangers of unfair prejudice, or confusing or misleading the jury. The presentation of evidence concerning the testing of tabletop Splenda does not appear likely to cause undue delay.

### Motion No. 10 – Allegedly Irrelevant and Inflammatory Evidence Concerning the Sucralose Manufacturing Process

McNeil's request that the Court exclude allegedly irrelevant and inflammatory evidence concerning the sucralose manufacturing process is GRANTED in part and DENIED in part. The Court GRANTS McNeil's motion to preclude Respondents from presenting evidence that phosgene gas is a deadly weapon used during World War I or that sucralose is comparable to pesticides, as that evidence is irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 402, 403. McNeil's request is otherwise DENIED. The manufacturing process is relevant to one or more issues in the case. Rule 403 only excludes "evidence where the prejudice is 'unfair' – that is, based on something *other* than its persuasive weight."

---

[5] McNeil's argument that the underlying evidence doesn't support Respondents' claim for price erosion goes to weight, not admissibility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

<u>Cruz-Garcia</u>, 344 F.3d at 956.  Unless Respondents have evidence that the specific identity or nature of the chemicals or gases used in the manufacturing process impact the safety of Splenda, this evidence is significantly more prejudicial than probative.

      To attempt to rebut the claim that sucralose (Splenda) is "made from sugar," Respondents need not identify the specific chemicals used.

### Motion No. 11 – Allegedly Duplicative Testimony of Drs. Mohamed B. Abou-Donia and Susan S. Schiffman Concerning Respondents' Rat Study

      McNeil's request that the Court exclude allegedly duplicative testimony of Drs. Mohamed B. Abou-Donia and Susan S. Schiffman concerning Respondents' rat study is GRANTED.  Based on the time estimates for trial the Court will likely be excluding <u>all</u> duplicative testimony.

### Motion No. 12 – Anecdotal Evidence of Adverse Health Events and/or Consumer Complaints About Splenda

      McNeil's request that the Court exclude anecdotal evidence of adverse health events and/or consumer complaints about Splenda is GRANTED.  Respondents claim that this evidence would be introduced "*only* to show where Dr. Abou-Donia started his studies on Splenda" (Opp'n 4:2-4).  Such evidence is not relevant and is more prejudicial than probative.

### Motion No. 13 – Evidence Concerning FDA-Approved Drugs That Later Had Their Approval Withdrawn or Were Recalled

      McNeil's request that the Court exclude evidence concerning FDA-approved drugs that later had their approval withdrawn or were recalled from the marketplace is GRANTED.  Respondents have not demonstrated that the evidence and testimony is relevant to one or more issues in this case.  Fed. R. Evid. 402.

### Motion No. 14 – Proposed Trial Testimony of Michael Jacobson, Patrick Henneberry, and H.P. Mechler

      McNeil's request that the Court exclude the proposed trial testimony of Michael Jacobson, Patrick Henneberry, and H.P. Mechler is GRANTED.  <u>See</u> Fed. R. Civ. P. 37(c)(1).  Respondents failed to identify Jacobson, Henneberry, and Mechler during their initial disclosures, as expert witnesses, or as a source of relevant information during discovery.  (Mot. 3:7-4:16.)  Neither Henneberry nor Mechler was produced to testify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

about Imperial Sugar's knowledge of the relevant facts in response to McNeil's Rule 30(b)(6) notice of deposition.  (Id.)  Respondents have not identified any justification, let alone a substantial justification, for their failure to identify these proposed witnesses until November 29, 2007.  Nothing in the proffered deposition testimony excuses Respondents' failure to disclose these witnesses.  That a party knows a person exists and might know something relevant to the litigation is hardly a substitute for the acknowledgment by the opposing party that it will indeed rely on this person's testimony.

Respondents have also failed to meet their burden of proving their failure to disclose was harmless.  See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).[6]  Exclusion of their testimony is therefore warranted under the Federal Rules.  See Fed. R. Civ. P.  37(c)(1); Yeti, 259 F.3d at 1105-07.

## III.  CONCLUSION

For the foregoing reasons, the Court: (1) GRANTS Motions Nos. 1, 2, 3, 7, 11, 12, 13, and 14; (2) GRANTS in part and DENIES in part Motion No. 10; and (3) DENIES Motions Nos. 4, 5, 6, 8, and 9.


IT IS SO ORDERED.

---

[6]  That the Court could theoretically order depositions of Jacobson, Henneberry, and Mechler on the eve of trial does not establish that Respondents' failure was harmless.