UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 04-10077 DSF (RZx) | Date | January 7, 2008 |
|---|---|---|---|
| Title | The Sugar Association, Inc. v. McNeil-PPC, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Paul D. Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in Part and DENYING in Part Plaintiff's, Plaintiff-Intervenors', and Counterclaim Defendants' Omnibus Motion *in Limine* (Docket No. 318)

Before the Court is Plaintiff's, Plaintiff-Intervenors', and Counterclaim Defendants' ("Movants") Omnibus Motion *in Limine*.[1]  Having considered the papers submitted by the parties and having heard the oral argument of counsel, the Court GRANTS in part and DENIES in part this Motion.

All of the Court's rulings are subject to reconsideration at trial.

### I.  LEGAL STANDARD

A motion *in limine* "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  Luce v. United States, 469 U.S. 38, 40 n.2 (1984).

"Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court."  Fed. R. Evid. 104(a).  In making its determination, the Court "is not bound by the rules of evidence except those with respect to privileges."  Id.  The proponent of the challenged evidence bears the burden of establishing its admissibility by a preponderance of the evidence.  Bourjaily v. United States, 483 U.S. 171, 175 (1987).

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

---

[1] Other motions *in limine* are pending and will be decided separately.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible," except as limited by the Constitution, statutes, or other rules of evidence. Fed. R. Evid. 402. "Evidence which is not relevant is not admissible." Id.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Rule 403 . . . is an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence. Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." United States v. Mende, 43 F.3d 1298, 1302 (9th Cir. 1995) (internal quotations and citation omitted). "Unfair prejudice" means "the undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." United States v. W.R. Grace, 504 F.3d 745, 759 n.6 (9th Cir. 2007) (internal quotations omitted). "That evidence may decimate an opponent's case is no ground for its exclusion under [Rule] 403. The rule excludes only evidence where the prejudice is 'unfair' – that is, based on something *other* than its persuasive weight." United States v. Cruz-Garcia, 344 F.3d 951, 956 (9th Cir. 2003).

## II.  DISCUSSION[2]

### A.  Evidence Regarding the FDA "Approval" of Sucralose or Splenda and of Sucralose's or Splenda's "Safety"

Movants' request that the Court exclude evidence regarding the FDA "approval" of sucralose or Splenda and evidence of sucralose's or Splenda's "safety" is DENIED. The proffered evidence is relevant to one or more issues in the case, and its probative value is not substantially outweighed by the danger of unfair prejudice or misleading the jury.

Defendants need not "accurately describe for the jury what the FDA actually does." (Mot. 6:1-2.) The mere fact of FDA approval is relevant.

---

[2] Movants repeatedly request that the Court exclude McNeil's "arguments" or "claims" (see, e.g., Mot. 3:19-20, 8:17-19, 10:18-19), but have cited no authority for the proposition that this is an appropriate purpose for a motion *in limine*. A motion *in limine* "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce, 469 U.S. at 40 n.2 (emphasis added). The Court will construe movants' request to exclude "arguments" or "claims" as requests to exclude the underlying evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

### B.  Evidence Concerning the Regulatory Approval of Sucralose or Splenda in Foreign Jurisdictions

Movants' request that the Court exclude evidence concerning the regulatory approval of sucralose or Splenda in foreign jurisdictions is DENIED.  The proffered evidence is relevant to one or more issues in the case and its probative value is not substantially outweighed by the danger of unfair prejudice or of jury confusion.  The presentation of evidence concerning the regulatory approval of sucralose or Splenda in foreign jurisdictions does not appear likely to cause undue delay.

### C.  Evidence Regarding the Advertisements of Other Low Calorie Sweeteners

Movants' request that the Court exclude evidence regarding the advertisements of low calorie sweeteners other than Splenda is DENIED.  It is not clear how this evidence is likely to be submitted.  It is potentially relevant to the laches defense, and is clearly relevant to the jury's consideration of whether Defendants' advertising is misleading.  Moreover, such evidence may properly be relied on by an expert testifying in this litigation, or to impeach the testimony of an expert.  The Court reserves a ruling on the specific nature of admissible evidence and the purposes for which it may be submitted.  A limiting instruction may be appropriate.

### D.  Evidence That Sucralose Gets Its "Sweet" Taste Because It Is Manufactured Using Sucrose

Movants' request that the Court exclude evidence that sucralose gets its "sweet" taste because it is manufactured using sucrose is DENIED.  The proffered evidence appears relevant to one or more issues in the case, and its probative value is not substantially outweighed by the danger of unfair prejudice, misleading the jury, or jury confusion.

### E.  Evidence of Splenda's New Advertisements That Do Not Contain the Alleged False Messages Being Challenged in this Litigation

Movants' request that the Court exclude evidence of Splenda's new advertisements that do not contain the alleged false messages being challenged in this litigation is unopposed, and is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

### F.  Evidence That The Alleged Consumer Confusion Attributable to Splenda's Packaging Cannot Be Attributed to Splenda's Advertising

Movants' request that the Court exclude evidence that the alleged consumer confusion attributable to Splenda's packaging cannot be attributed to Splenda's advertising is DENIED.  The proffered evidence is relevant to one or more issues in the case, and its probative value is not substantially outweighed by the danger of unfair prejudice.

### G.  The 2004 Qorvis "Pitch" Document Entitled "Creating Doubts[:] Launching the Splen-duh Campaign"

Movants' request that the Court exclude the 2004 Qorvis "pitch" document entitled "Creating Doubts[:] Launching the Splen-duh Campaign," (Decl. of Adam R. Fox in Supp. of Pl.'s, Pl.-Intervenors', and Countercl.-Defs.' Omnibus Mot. *In Limine* ("Fox Decl.") Ex. 11 at 156-236), is DENIED.  The proffered evidence is relevant to one or more issues in the case, and its probative value is not substantially outweighed by the danger of unfair prejudice or misleading the jury.[3]

### H.  Anne Haudrich's 2003 Presentation Entitled "Consumer Perceptions About Splenda"

Movants' request for the Court to exclude Anne Haudrich's 2003 presentation entitled "Consumer Perceptions About Splenda," (Fox Decl. Exs. 13-14), is GRANTED in part and DENIED in part.  The proffered evidence is relevant to one or more issues in the case, and its probative value is not substantially outweighed by the danger of unfair prejudice.  However, the presentation is an out-of-court statement, so it is not admissible to prove the truth of the matter asserted unless an exception to the hearsay rule applies.  See Fed. R. Evid. 801, 802.  McNeil has not met its burden of establishing that an exception applies here.[4]  The presentation is therefore not admissible to prove the truth of

---

[3] Movants seem to suggest that Federal Rule of Evidence 403 allows the exclusion of evidence that is "more prejudicial than probative."  (Mot. 11:18.)  "Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it."  Mende, 43 F.3d at 1302.

[4] McNeil claims that the presentation is an exception to the hearsay rule because (i) it is a business record and (ii) it is consistent with Haudrich's testimony and is being offered to rebut an express or implied charge of recent fabrication, improper motive, or influence.  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

the matter asserted.  However, the presentation is admissible for non-hearsay purposes, such as evidence of McNeil's intent or that the statements were made.  A limiting instruction may be appropriate.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's, Plaintiff-Intervenors', and Counterclaim Defendants' Omnibus Motion *in Limine* is GRANTED in part and DENIED in part.  The Court GRANTS the Motion to exclude (1) evidence of Splenda's new advertisements that do not contain the alleged false messages challenged in this litigation, and (2) Anne Haudrich's 2003 presentation entitled "Consumer Perceptions About Splenda" (but only to the extent that it is being offered to prove the truth of the matter asserted).  The Motion is otherwise DENIED.


IT IS SO ORDERED.

---

disagrees.  The business records exception does not appear applicable, and the evidence is not currently being offered to rebut an express or implied charge of recent fabrication, improper motive, or influence.  If, at trial, McNeil has a proper foundation to request the admission of the presentation for the truth of the matter asserted, the Court will reconsider this determination.